IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALPS PROPERTY & CASUALTY
INSURANCE COMPANY,

          Plaintiff,

v.                                         CIVIL ACTION NO.   2:16-cv-10064

MICHAEL A. TURKALY, et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion for Summary Judgment [ECF No. 30]. The intervening defendant, David M. Turkaly, filed a response in opposition [ECF No. 33], and the plaintiff filed a reply [ECF No. 33]. The matter is ripe for adjudication. For the reasons stated below, the plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

I.     Factual and Procedural Background

The plaintiff, ALPS Property & Casualty Insurance Company ("ALPS"), is a professional liability insurance carrier that provides malpractice insurance coverage for lawyers. The defendants are Michael A. Turkaly, individually, and Michael A. Turkaly, Attorney at Law, LC. Michael A. Turkaly, Attorney at Law, LC purchased ALPS' professional liability malpractice insurance for the coverage periods

September 1, 2015 to August 31, 2016 ("2015 Policy") and September 1, 2016 to August 31, 2017 ("2016 Policy"). Michael Turkaly, individually, is the only practicing attorney at Michael A. Turkaly, Attorney at Law, LC. The intervening defendant, David M. Turkaly, is Michael Turkaly's brother and is the plaintiff in the underlying lawsuit against Michael Turkaly.

### A. The Underlying Lawsuit

On July 10, 2016, David Turkaly filed a lawsuit against Michael Turkaly, and twenty-three other parties, in the Circuit Court of Jackson County, West Virginia regarding Michael Turkaly's administration of the Declaration of Revocable Living Trust of Wanda S. LeFebvre ("the Trust") as the successor trustee. Compl. Ex. 2, at 2–3 [ECF No. 1-2]. Michael Turkaly is a named beneficiary under the terms of the Trust. *See id.* at 3; Mot. Intervene Ex. 2, at 4 [ECF No. 14-2]; Compl. ¶ 19 [ECF No. 1]; Ans. ¶ 19 [ECF No. 10].

On July 15, 2016, David Turkaly mailed a letter to a P.O. Box address in Evans, West Virginia, notifying Michael Turkaly of the underlying lawsuit and telling him to expect to receive a copy of the complaint and waiver of service form from the Jackson County Clerk of Court. Mot. Intervene Ex. 2, at 21. On July 18, 2016, those materials were mailed by the Clerk of Court to the same P.O. Box address. *Id.* at 10. Michael Turkaly never responded to either communication and was personally served with the complaint for the underlying lawsuit on September 6, 2016. Compl. Ex. 6, at 3 [ECF No. 1-6].

### B. The Current Lawsuit

Michael Turkaly had professional liability insurance through ALPS during the 2015 Policy period, which ran from September 1, 2015 to August 31, 2016. On August 31, 2016, ALPS sent Michael Turkaly an online application to renew his professional liability insurance for the 2016 Policy period. Compl. ¶ 23; Ans. ¶ 23. The online application asked "[a]re you aware of or do you have knowledge of any fact, circumstance, act, error or omission that could reasonably be expected to be the basis of the claim against you, regardless of the merit of such claim, that has not been previously reported to ALPS?" Compl. ¶ 26; Ans. ¶ 26. Michael Turkaly answered the question in the negative, although he has since admitted to having knowledge of the underlying lawsuit at the time by claiming "he believes he informed ALPS by telephone of the underlying [lawsuit]." Compl. ¶¶ 24–25; Ans. ¶¶ 24–25.

On September 15, 2016, Michael Turkaly signed an "Acceptance Page" as Owner, Partner or Corporate Officer of Michael A. Turkaly, Attorney at Law, LC. Compl. Ex. 5, at 2 [ECF No. 1-5]. The bottom of the Acceptance Page contains three Representations and Assurances, one of which states "[e]xcept as otherwise disclosed in writing or electronically to ALPS there exists no changes to the answers and information set forth in the most recent Application the firm has submitted to ALPS, including all supplements and attachments thereto."[1] *Id.*

After making representations on his online application and the Acceptance Page, on August 31, 2016 and on September 15, 2016, respectively, that he was

---

[1] Although Michael Turkaly denies ALPS' allegation that he signed the Acceptance Page, Ans. ¶¶ 40, 41, there is no evidence in the record to indicate that Michael Turkaly did not sign this document.

3

unaware of any facts that could form the basis of a claim against him, Michael Turkaly reported the underlying lawsuit to ALPS by email on September 16, 2016. Compl. Ex. 6, at 2. ALPS is currently defending Michael Turkaly in the underlying lawsuit pursuant to a reservation of rights under the 2016 Policy. Compl. ¶¶ 36–37.

Consequently, on October 14, 2016, ALPS mailed a Letter of Rescission and returned the premium for the 2016 Policy to Michael Turkaly. Compl. ¶ 47. ALPS based its rescission on the assertion that Michael Turkaly made a "[m]isrepresentation, omission, concealment of facts, and incorrect statements . . . in the application for insurance which were fraudulent and material to the acceptance of the risk and the hazard assumed by [ALPS]." Compl. Ex. 7, at 2 [ECF No. 1-7].

On October 26, 2016, ALPS filed the instant declaratory action against Michael Turkaly, individually, and Michael A. Turkaly, Attorney at Law, LC seeking three declarations: (1) that the 2016 Policy does not provide coverage for the underlying lawsuit, (2) that the 2016 Policy has been rescinded by ALPS, and (3) that ALPS is entitled to reimbursement from Michael Turkaly for costs incurred in providing Michael Turkaly with a legal defense in the underlying lawsuit under the 2016 Policy.

Michael Turkaly failed to answer, or otherwise respond to, the complaint in this case in a timely manner, as evidenced by the entry of default against Michael Turkaly on January 13, 2017. Clerk's Entry of Default [ECF No. 9]. Michael Turkaly answered the complaint two weeks later, and David Turkaly motioned the court to intervene under Rule 24 on March 10, 2017. Mot. Intervene 1. The court granted David Turkaly's Motion to Intervene, Mem. Op. & Order [ECF No. 19], and it is David

Turkaly who has been litigating ALPS' Motion for Summary Judgment. Michael Turkaly has not responded or otherwise participated in the litigation of this case since answering the complaint.

II. **Legal Standard**

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to

5

preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### III. Discussion

ALPS seeks three declarations: (1) that the 2016 Policy sold to Michael A. Turkaly, Attorney at Law, LC does not provide coverage for the underlying lawsuit against Michael Turkaly, (2) that the 2016 Policy has been rescinded, and (3) that ALPS is entitled to reimbursement for expenses it has incurred defending Michael Turkaly in the underlying lawsuit under the terms of the 2016 Policy.[2] Since rescission of the 2016 Policy may affect ALPS' other claims under the 2016 Policy, I will consider that issue first.

#### A. Rescission of the 2016 Policy

"For an insurer to rescind a policy under West Virginia law on the basis of a misrepresentation made by the insured, the insurer must establish that the misrepresentation falls under W. Va. Code § 33–6–7." *Massachusetts Mut. Life Ins. Co. v. Jordan*, No. 3:10-cv-16, 2011 WL 1770435, at *3 (S.D. W. Va. May 9, 2011). W. Va. Code § 33–6–7 states:

> Misrepresentations, omissions, concealments of fact, and incorrect statements shall not prevent a recovery under the [insurance] policy unless:
> (a) Fraudulent; or
> (b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
> (c) The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an

---

[2] Since "ALPS maintains that the 2016 Policy applies to all issues," I will consider ALPS' requests for relief under only the 2016 Policy. Pl. Suppl. Mem. Supp. Mot. Summ. J. 2 n.1 [ECF No. 48].

amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

"[F]or an insurer to prevail under § 33–6–7(a), the insurer must establish the insured's specific intent to deceive the insurer." *Massachusetts Mut. Life Ins. Co. v. Thompson*, 460 S.E.2d 719, 724 (W. Va. 1995). For an insurer to prevail under §§ 33–6–7 (b) or (c), however, the insurer need only show that the misrepresentation was material. *Id.*; *see Jordan*, 2011 WL 1770435, at *3.

ALPS contends that Michael Turkaly made material misrepresentations during the renewal of his policy. On account of those misrepresentations, ALPS mailed a letter of rescission to Michael Turkaly and returned the premium he paid for the 2016 Policy. ALPS argues that it is therefore entitled to a declaration that the 2016 Policy has been rescinded.

The West Virginia Supreme Court has established the following standard for materiality:

> [I]n order for a misrepresentation in an insurance application to be material, it must relate to either the acceptance of the risk insured or to the hazard assumed by the insurer. Materiality is determined by whether the insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

*Thompson*, 460 S.E.2d at 724 (quoting *Powell v. Time Ins. Co.*, 382 S.E.2d 342, 350 (W. Va. 1989)). These "subsection (c) criteria are based on an objective standard that

7

an 'insurer in good faith' would have taken alternative action had the 'true facts been known.'" *Powell*, 382 S.E.2d at 350. "W.Va.Code 33–6–7 adopts the test of whether a reasonably prudent insurer would consider the misrepresentation material to the contract." *Id.*

ALPS has shown that it was entitled to rescind the 2016 Policy. I have evidence that Michael Turkaly clearly made two misrepresentations while renewing his policy with ALPS. First, during the discovery period, David Turkaly served requests for admission on Michael Turkaly asking him to admit that he received the following prior to September 1, 2016: (1) David Turkaly's July 15, 2016 letter regarding the filing of the underlying lawsuit, and (2) a copy of the complaint from the Clerk of the Jackson County Circuit Court. Rule 56(d) Aff. of Counsel Ex. B, at 1 [ECF No. 34-2]. Michael Turkaly did not respond to these requests for admission, so pursuant to Federal Rule of Civil Procedure 36(a)(3), they are deemed admitted and are evidence that Michael Turkaly knew of the underlying lawsuit prior to September 1, 2016. On the application for renewal executed on August 31, 2016, however, Michael Turkaly answered "No" to the question "Are you aware of or do you have any knowledge of any fact, circumstance, act, error, or omission that could reasonably be expected to be the basis of a claim against you, regardless of the merit of such claim, that has not been previously reported to ALPS?" Compl. Ex. 4, at 3 [ECF No. 1-4].[3] This amounts to the first misrepresentation.

---

[3] While Michael Turkaly asserts in his Answer that he believes that he called ALPS regarding the underlying lawsuit prior to August 31, 2016, no evidence has been presented to support this fact. Additionally, ALPS' policy requires that claims be reported to ALPS by fax, mail, or email, not telephone, so a phone call to ALPS cannot be the basis for reporting a claim to ALPS.

8

Second, Michael Turkaly was served in person with the complaint in the underlying lawsuit on September 6, 2016. Nine days later, he signed ALPS' Acceptance Page affirming that he was not aware of any fact, circumstance, act, error, or omission that could reasonably expected to be the basis of a claim. The next day, after signing this document and submitting it to complete the renewal of his insurance with ALPS, Michael Turkaly properly notified ALPS of the underlying lawsuit by email. This amounts to the second misrepresentation.

No party disputes that Michael Turkaly's two misrepresentations to ALPS during the renewal process were material. Under the objective standard, it is fair to conclude that a reasonable insurer would have taken alternative action in offering Michael Turkaly insurance coverage had it known that Michael Turkaly was being sued for mismanaging a trust as a trustee. A reasonably prudent insurer would consider a claim related to a lawyer's actions as a trustee, whether or not that claim is covered by the policy, relevant to the risk and therefore material to the insurance contract providing professional liability coverage.

Accordingly, I **FIND** that ALPS has satisfied the requirements for rescission under § 33–6–7 and therefore, the 2016 Policy has been rescinded by ALPS.

### B. Coverage and Reimbursement under the 2016 Policy

Next, ALPS asks that the court declare that, under the 2016 Policy, ALPS: (1) has no duty to defend in the underlying lawsuit, and (2) is entitled to reimbursement for the defense costs it has incurred defending the underlying lawsuit pursuant to a reservation of rights. ALPS has recently reaffirmed its position that "the 2016 Policy

9

applies to all issues." Pl.'s Suppl. Mem. Supp. Mot. Summ. J. 2 n.1 [ECF No. 48]. However, the 2016 Policy has been rescinded by ALPS.

A rescinded insurance policy is void *ab initio. See Federal Mut. Ins. Co. v. Deal*, 239 F.Supp. 618, 622 (S.D. W. Va. 1965); *see also Powell*, 382 S.E.2d at 296 (noting that § 33–6–7 provides "three statutory exceptions that . . . give rise to the right to avoid an insurance policy"). The West Virginia Supreme Court has explained that

> [A] policy having been declared void Ab initio, it is of no force or effect, and in the absence of a curative statute, it cannot have life breathed into it for any purpose. A contract, void Ab initio, is without legal effect. Such contract never had any legal existence and cannot form the basis of liability . . . .

*Nationwide Mut. Ins. Co. v. Conley*, 194 S.E.2d 170, 173 (W. Va. 1972).

In essence, ALPS requests the court to make declarations regarding the liabilities of the parties under a void insurance policy. *See* Compl. ¶85; Mem. in Supp. Mot. Summ. J. 16–17. Because the 2016 Policy is rescinded and void *ab initio*, it cannot form the basis of liability, for either ALPS or Michael Turkaly. The 2016 Policy is simply without legal effect. Accordingly, the court **FINDS** that: (1) ALPS does not have a duty to defend Michael Turkaly (or Michael A. Turkaly, Attorney at Law, LC) in the underlying lawsuit under the 2016 Policy, and (2) Michael Turkaly and Michael A. Turkaly, Attorney at Law, LC are not liable to ALPS for reimbursement of defense costs under the 2016 Policy.

IV. Conclusion

For the reasons stated herein, ALPS' Motion for Summary Judgment [ECF No. 31] is **GRANTED in part** and **DENIED in part**. Summary judgment is **GRANTED** in

favor of ALPS as to the rescission of the 2016 Policy and the determination that under the 2016 Policy, it is has no duty to defend Michael Turkaly and Michael A. Turkaly, Attorney at Law, LC in the underlying lawsuit. Summary judgment is **GRANTED** in favor of Michael Turkaly and Michael A. Turkaly, Attorney at Law, LC as to the reimbursement of expenses under the 2016 Policy. It is hereby **DECLARED that:**

1. The 2016 Policy has been rescinded by ALPS.
2. ALPS has no duty to defend Michael Turkaly or Michael A. Turkaly, Attorney at Law, LC in the underlying lawsuit under the 2016 Policy.
3. Michael Turkaly and Michael A. Turkaly, Attorney at Law, LC are not liable to ALPS for reimbursement of defense costs for the underlying lawsuit under the 2016 Policy.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 11, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE